only on the theory that the promise to carry the debt was a collateral promise, independent of the written contract contained in the notes. It would have constituted no defense to an action upon the notes falling due within the year. At most it would have constituted a counterclaim to the extent of the injury sustained by its breach. In this view there was ample consideration for the indorsement by the defendant Place of the note of May 24th. The bank, upon taking that note, canceled the prior paper, and extended the payment of the debt. The note in suit was indorsed to be used at the bank to take up the note of May 24th. This was understood by Place, and it is immaterial, upon the question of consideration, at whose request this indorsement was made."

This case is exactly in point, and controlling. See Youngs v. Lee, 12 N. Y. 555; Insurance Co. v. Church, 81 N. Y. 218, 222. We find no error on the part of the trial justice, and judgment should therefore be affirmed, with costs. All concur.

---

## ISLIN et al. v. GOLDBERG.

(City Court of New York, General Term. November 27, 1893.)

Appeal from special term.

Action, aided by attachment, by William Islin and others against Alexander Goldberg. From an order denying a motion to vacate the attachment, defendant appeals. Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Horwitz & Hirsch, for appellant.
Blumenstiel & Hirsh, for respondents.

VAN WYCK, J. The papers upon which this attachment was granted and on which defendant moved to vacate the same are substantially the same as those in the companion case of Victor v. Goldberg, 25 N. Y. Supp. 1005, (this day affirmed by this general term, with opinion filed by VAN WYCK, J.,) and the order herein appealed from is affirmed, with costs, on said opinion.

---

(6 Misc. Rep. 66.)

## DUYGAN v. THIRD AVE. R. CO.

(City Court of New York, General Term. November 27, 1893.)

CREDIBILITY OF WITNESS—QUESTION FOR JURY.

An instruction that the jury "have a right to believe or disbelieve the plaintiff entirely, unless he is corroborated," and that "if he is corroborated" they "have no right to disbelieve him," is erroneous, as the credibility of a witness is for the jury.

Appeal from trial term.

Action by John Duygan against the Third Avenue Railroad Company for personal injuries. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN WYCK, McCARTHY, and NEWBURGER, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
Louis J. Grant, for respondent.

NEWBURGER, J. The plaintiff, on the night of April 18, 1888, while in the employ of defendant, and while engaged in his duties, tripped on a rail, and broke his wrist, which injury plaintiff claimed

was caused by defendant's negligence. The defendant denied any negligence on its part, and claimed that plaintiff's injuries were caused by his own negligence. The case was submitted to the jury, and resulted in a verdict for the plaintiff in the sum of $500. From the judgment entered thereon, and an order denying a motion for a new trial, this appeal is taken.

In his charge to the jury the learned trial justice said: "You have a right to believe or disbelieve the plaintiff entirely, unless he is corroborated. If he is corroborated, you have no right to disbelieve him,"—to which portion of the charge an exception was duly taken. The credibility of a witness is a question for the jury. Honegger v. Wettstein, 94 N. Y. 252; Bank v. Diefendorf, 123 N. Y. 200, 25 N. E. 402. And therefore the charge of the judge took from the jury the right to determine as to whether his conduct was such as to bring him within the rule that the jury were at liberty to accept or reject the testimony of an interested witness. Without examining any of the other questions submitted by appellant's counsel, we think the judgment, for the reason above stated, should be reversed, and a new trial granted, with costs to abide the event. All concur.